## The Inhabitants of LANESBOROUGH *versus* THE COUNTY COMMISSIONERS OF BERKSHIRE.

An appeal lies from the decision of the Court of Common Pleas adjudicating upon the acceptance of the verdict of a jury in the case of laying out a highway, when the decision is founded on matter of law apparent on the record.

In the location of a highway by the county commissioners, the town through which it passes is a party, and as such may apply for a jury to make *alterations in the location,* and may appeal from the decision of the Court of Common Pleas adjudicating upon the acceptance of the verdict.

To what extent the jury may make alterations in the location of a highway by the county commissioners, *quære.*

Where several parties over whose respective lands a highway had been laid out by the county commissioners, applied for a jury to make alterations in the location and to re-assess their damages, and all the cases were submitted to the same jury at the same time, and a verdict was returned confirming the location over the lands of some of the parties and assessing their damages severally, and stating that as to another part of the location the jury could not agree, it was *held,* that the verdict was a several verdict in each case ; and accordingly, that it ought to be received and accepted in each case in which the damages were assessed, and that the case in which the jury could not agree, ought to be submitted to a new jury.

THE county commissioners of Berkshire having laid out a highway 'between certain termini, over the lands of certain individuals situate in the town of Lanesborough, and assessed the damages, five of those individuals were dissatisfied with the proceedings of the commissioners, and petitioned for a jury to alter the location over their lands and to re-assess the damages sustained by them respectively. The inhabitants of Lanesborough also presented a petition for a jury to alter the location. A jury was accordingly impanelled upon the several petitions ; and a verdict was returned, in which the jury say :— " We are of opinion that the public good does not require any altera

tion in said location over the lands of Sherburn Mason, Rollin Coman, John S. Tyrrell, Bushrod Buck and John Farnum, and therefore we do not see fit to make any alteration in the road so located by the commissioners across their land, and assess damages as follows, viz : to John S. Tyrrell, $129 ; to John Farnum, $47 ; to Bushrod Buck, $46 ; to Richard Coman, as guardian of Rollin Coman, $154 ; and to Sherburn Mason, $206. Given under our hands and seals this 18th day of July, A. D. 1837. The alterations of said location proposed by the committee or agents for the inhabitants of the town of Lanesborough, beginning at a stake, &c. and running, &c. a distance of 339 rods, — in the above alteration the said jury do not agree." This verdict was accepted in the Court of Common Pleas, at February term 1838 ; and thereupon the petitioners appealed to this Court.

*Rockwell*, for the petitioners.

*Bishop* and *Lanckton*, for the respondents. To the point that the verdict must be considered as a several verdict in the case of each petitioner, they cited *Bacon v. Callender*, 6 Mass. R. 304 ; *Commonwealth v. Wood*, 12 Mass. R. 313 ; and to the point that an appeal does not lie, *Lowell v. Spring*, 6 Mass. R. 398.

SHAW C. J. drew up the opinion of the Court. The first question for consideration is, whether this case is rightly brought to this Court by appeal. It is an appeal from the decision of the Court of Common Pleas, adjudicating upon the acceptance of the verdict of a jury, in a highway case. This must depend upon the construction of the statutes. We think the Revised Statutes have, in some measure, extended the right of appeal beyond that of the old statutes. Revised Stat. *c.* 82, § 6. It gives the right of appeal to any party aggrieved, in any civil action, suit or proceeding whatever, when the judgment or decision is founded on matter of law apparent on the record. This must undoubtedly be deemed a civil suit or proceeding, being a proceeding of a court of law, for the ascertaining and establishing judicially, controverted questions of right. The objection is, that the verdict is defective and imperfect in not finding all the issues, and therefore ought to have been set aside, in the whole, and a new warrant should have

Lanesborough
*v.*
County
Commissioners of
Berkshire.

*Sept. 18th,*
1838.

*Sept. 17th*
1839.

Lanesbo-
rough
v.
County
Commis-
sioners of
Berkshire.

been ordered. Whether it was thus defective or not, was a question of law apparent upon the record. We think, therefore, that it was a case within the provision of the statutes, and that the party against whom the adjudication was made, had a right to appeal.

The next material question is, whether a town can be regarded as a party, and a party who may be aggrieved at the doings of the commissioners. Two objects are contemplated by the statutes, to be accomplished by a jury ; one is, to alter the assessment of damages, made by the commissioners, and the other is, within certain limits, to make alterations in the location of the road by the commissioners. In the latter subject towns have an interest as direct as that of individuals, inasmuch as it may increase or diminish the expense of the original construction and subsequent maintenance of the road.

The statute (Revised Stat. c. 24) appears throughout to recognize the towns, through which a road passes, as parties. It directs (§ 2) notice to them, before the view and adjudication, as also (§ 6) before laying it out. In § 8, the right of the town to have a jury is expressly recognized. And § 13 provides, that any party aggrieved by laying out, altering or discontinuing a highway, or in the estimation of his damages, may have a jury to determine the matter of complaint, and such jury may make alterations. The Court are of opinion, that by the statute, a town is a party, and entitled to apply for a jury to make alterations in a highway, as laid out by the commissioners. But the power of a jury, under these circumstances, must, from the nature of the case, be confined within narrow limits. *Merrill* v. *Berkshire*, 11 Pick. 269. By the statute, they are bound by the judgment of common convenience and necessity, and cannot alter it. It would seem, that they could make no alteration, which would cause the road to pass over the land of other persons, than those over whose lands it is laid by the commissioners. It would be bringing in persons as parties, who were never made so by the anterior proceedings, and taking lands of persons, for whose indemnity no provision is made. To what extent the jury may make alterations of the road over the lands of those who have submitted to the judgment of the commissioners and received their

Lanesbo-
rough
*v.*
County
Commis-
sioners of
Berkshire

compensation, is a difficult question. By changing such location, it might greatly change the measure of their damages. It may pass over lands much more valuable, or take buildings or other improvements, yet no provision is made for a re-assessment of damages in consequence of such alteration. The proprietor would receive damages for taking one piece of land not used, and another of very different character may be actually used, and no means are provided for paying for it. The difficulty would be still greater, where the alteration proposed to be made by the jury, should embrace the lands of two or more contiguous proprietors who had acquiesced. It might vary the points, at which the road would enter and leave the lands of each, varying essentially the character of the road. The whole subject is attended with difficulty. Perhaps, on a review of the subject by the legislature, it might be found most consonant with sound policy and constitutional principle, to limit the power of revisal by a jury, to the assessment of damages for lands and property taken for public use, and leave the question of public exigency and convenience, not only as to the establishment of the highway between certain termini, but also as to the location and precise direction of it, to be definitively determined by the county commissioners, who are, for this purpose, the agents and officers of the public. But this is a question exclusively for the legislature.

Another question arising in this case is this ; the jury having had the cases of several parties committed to them at the same time, agreed on a verdict, as to several, and disagreed in regard to others, and it is contended that the verdict is imperfect and defective, in the whole, and ought to have been set aside, and a new warrant granted as to all. It was contended on the other side, upon the particular terms of the verdict, that the jury had found on the whole subject, by finding that no alteration ought to be made. But we do not so understand the language of the verdict ; we consider that the jury state the alterations proposed by the town, and add that they do not agree, whether such alterations ought to be made or not.

But the Court are of opinion, that the petitions and claims of the several parties, are in their nature several. The statute provides, (Revised Stat. c. 24, § 15,) that when two or more

applications for a jury shall be pending at the same time, to determine any matter relating to the laying out, &c. or to the assessment of damages, the commissioners shall cause them all to be considered and determined by the same jury. It is a matter of convenience and economy, that several cases upon the same general subject, shall be determined at once. But if one of the applicants obtains a verdict for his several damages and for his own use, there seems to be no reason why the controversy should not be considered as terminated in regard to him, because the jury in another and distinct case do not agree. If the question were solely upon the subject of alterations, two or more cases might perhaps be so connected, that one could not properly be determined without including another. But where the verdict is for several damages, the Court are of opinion, that where there is a verdict in favor of one, it ought to be received and accepted *pro tanto*, and that the party who thus obtains a verdict for damages, is entitled to the benefit of it, although the jury do not agree as to other subjects committed to them at the same time.

The Court are therefore of opinion and do order, that the verdict of the jury, so far as it found, that the public good does not require any alteration in the location of the road, over the lands of Sherburn Mason, Allen Coman, John S. Tyrrell, Bushrod Buck and John Farnum, and do not make any alteration therein ; and so far as it assesses damages in favor of John S. Tyrrell, John Farnum, Bushrod Buck, Richard Coman, guardian, and Sherburn Mason, be and the same is hereby accepted and confirmed ; and as to the application of the inhabitants of the town of Lanesborough, it is hereby ordered, that it be certified by the Court of Common Pleas, to the county commissioners, that the jury empanelled under their warrant, have not agreed upon a verdict, to the end, that a new warrant may be awarded and issued by the county commissioners to try and decide the subject of the complaint of the inhabitants of Lanesborough. And their proceedings are hereby ordered to be remitted to the Court of Common Pleas for that purpose.